| | |
|---|---|
| BEN ANDERSON, as next friend and on behalf of, father; EVE LOVE ANDERSON, mother; M.L. ANDERSON, kid,<br><br>Petitioners,<br><br>v.<br><br>SUPERIOR COURT OF CALIFORNIA, County of Humboldt,<br><br>Respondent. | Case No.: 19cv599-WQH-BLM<br><br>**ORDER** |

HAYES, Judge:

On April 1, 2019, Petitioners Ben Anderson, Eve Love Anderson, and M.L. Anderson filed a petition for writ of habeas corpus (ECF No. 1), and a motion to appoint counsel (ECF No. 2). Petitioners bring claims against Respondent Superior Court of California based on child custody and related proceedings before the Superior Court in Humboldt County. Petitioners claim violations of the Fifth and Fourteenth Amendments on the grounds that that their child suffered an adverse reaction to medication while in the custody of state child protective services. Petitioners request their child be released into their custody and an investigation of their child's injuries. Petitioners request appointment of an attorney to represent that family, stating that they "have not found the right one,"

despite numerous attempts to retain attorneys in California, Arizona, and Ohio. (ECF No. 2).

As a general matter, "[d]istrict [c]ourts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. § 2241(a)). A federal court issuing a writ of habeas corpus must have personal jurisdiction over the custodian, *see Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 495 (1973), which is often referred to as the "local custodian rule." Without such jurisdiction, the court has no authority to direct the actions of the restraining authority. *Malone v. Calderon*, 165 F.3d 1234, 1237 (9th Cir. 1999) (holding that a California district court did not have jurisdiction over a habeas action related to a prisoner confined in Missouri). The court has personal jurisdiction over the custodian if the court can reach the custodian by service of process. *Braden*, 410 U.S. at 495. Where a petitioner names a respondent who is outside the district court's territorial limits, the court lacks personal jurisdiction to consider the petition. *See Malone*, 165 F. 3d at 1237. Even if there is personal jurisdiction, however, the preferable forum for a § 2241 habeas petition is the district of confinement. *See McCoy v. United States Bd. of Parole*, 537 F.2d 962, 966 (8th Cir. 1976); *see also Dunne v. Henman*, 875 F.2d 244, 249–50 (9th Cir. 1989) (suggesting that even where the district court has personal jurisdiction over the custodian, the preferred forum for a § 2241 petition is the district where the petitioner is confined).

In this case, the Respondent is in Humboldt County, California, which is outside the territorial limits of this district. The Petition contains no facts demonstrating that Petitioners seek release from a confinement by a custodian with personal jurisdiction in this Court. The Court finds that the Petition must be dismissed.

The Clerk is directed to close the case.

IT IS SO ORDERED.

Dated: April 10, 2019

Hon. William Q. Hayes
United States District Court